UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INDICTMENT** |
| v. | 26 Cr. |
| CELSO MOREIRA HEREDIA, a/k/a "Patucho Celso," | |
| Defendant. | |



**26 CRIM 014**

**26 CRIM 014**

## COUNT ONE
### (Narcotics Importation Conspiracy)

The Grand Jury charges:

1. From at least in or about 2013, up to and including the present, in Ecuador, Colombia, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, CELSO MOREIRA HEREDIA, a/k/a "Patucho Celso," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that CELSO MOREIRA HEREDIA, a/k/a "Patucho Celso," the defendant, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

3. It was further a part and an object of the conspiracy that CELSO MOREIRA HEREDIA, a/k/a "Patucho Celso," the defendant, and others known and unknown, would and did manufacture, possess with intent to distribute, and distribute a controlled substance, intending,

knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

4.    The controlled substance that CELSO MOREIRA HEREDIA, a/k/a "Patucho Celso," the defendant, conspired to (a) import into the United States and into the customs territory of the United States from a place outside thereof; and (b) manufacture, possess with intent to distribute, and distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Section 963;
and Title 18, United States Code, Section 3238.)

## COUNT TWO
### (Possession of Machineguns)

The Grand Jury further charges:

5.    From at least in or about 2013, up to and including the present, in Ecuador, Colombia, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, and for which at least one of two or more joint offenders is expected to be first brought to and arrested in the Southern District of New York, CELSO MOREIRA HEREDIA, a/k/a "Patucho Celso," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count One of this Indictment, knowingly used and carried firearms, and, in furtherance of such crime, knowingly possessed firearms, and aided and

abetted the use, carrying, and possession of firearms, to wit, machineguns that were capable of automatically shooting more than one shot, without manually reloading, by a single function of the trigger.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

## COUNT THREE
### (Conspiracy to Possess Machineguns)

The Grand Jury further charges:

6.      From at least in or about 2013, up to and including the present, in Ecuador, Colombia, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, CELSO MOREIRA HEREDIA, a/k/a "Patucho Celso," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

7.      It was a part and an object of the conspiracy that CELSO MOREIRA HEREDIA, a/k/a "Patucho Celso," the defendant, and others known and unknown, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count One of this Indictment, would and did knowingly use and carry firearms, and, in furtherance of such crime, knowingly possess firearms, including machineguns that were capable of automatically shooting more than one shot, without manually reloading, by a single function of the trigger, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

3

## FORFEITURE ALLEGATIONS

8.      As a result of committing the offense alleged in Count One of this Indictment, CELSO MOREIRA HEREDIA, a/k/a "Patucho Celso," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

9.      As a result of committing the offenses alleged in Counts Two and Three of this Indictment, CELSO MOREIRA HEREDIA, a/k/a "Patucho Celso," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in Counts Two and Three of this Indictment.

### Substitute Assets Provision

10.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the above forfeitable

property.

(Title 18, United States Code, Section 924;
Title 21, United States Code, Sections 853 and 970; and
Title 28, United States Code, Section 2461.)

FOREPERSON

JAY CLAYTON
United States Attorney

5